**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LOUIS WYATT BRANSON,**

      **Plaintiff,**

**v.**                                                                      **CASE NO. 4:08-cv-198-MP/AK**

**WALTER MCNEIL, et al,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has brought a lawsuit against Secretary Walter McNeil and Sgt.

Valentine pursuant to 42 U.S.C. 1983 alleging that he was denied a photograph he

purchased.  (Doc. 15).

**I.      Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to

state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by

an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v.

Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a

plaintiff is still required to "set forth factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some actionable

legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed

that a Plaintiff will prove facts which have not been alleged.  <u>Quality Foods de Centro America</u>, 711 F.2d at 995, *citing* <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  <u>Peterson v. Atlanta Housing Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. <u>Williams v. Secretary for the Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. <u>Williams</u>, *supra*; <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

The beginning point for analysis of Plaintiff's deprivation of property claims is <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).  There, a prisoner brought suit under § 1983 claiming that prison officials negligently deprived him of his property.  The Supreme Court held that such a claim could not succeed under § 1983

because even though the prisoner "had been 'deprived' of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's post-deprivation tort remedy provided the process that was due." Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L. Ed. 2d 662 (1986), *explaining* Parratt.  The follow-up case to Parratt was Daniels v. Williams, *supra.*  There, the prisoner claimed again that prison officials negligently deprived him of property.  The Court reconsidered Justice Powell's dissent in Parratt and the assumption that a deprivation could occur through negligent conduct.  Upon reconsideration, the Court decided that the word "deprive" connotes more than a negligent act and overruled Parratt to the extent that it found that a lack of due care could form the basis of a due process claim.  Daniels, 474 U.S. at 330-331, 106 S.Ct. at 664.  Noting that the underpinnings of the Due Process Clause was to protect citizens from governmental abuse of power, the Court held "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."  *Id.*, at 328, 106 S.Ct. at 663; *see also* County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (explaining reach of Due Process Clause).  Thus, to the degree Plaintiff's claims are based on the negligence of prison officials, the claim must fail as a matter of law.

Moreover, even if Plaintiff could legitimately claim, based on these facts, that the deprivation of his property was more than negligent and done intentionally and maliciously, his claim must still fail under the Fourteenth Amendment.  The Supreme Court has unequivocally held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the

Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).  The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property.  Fla. Stat. § 768.28(1).  Moreover, Florida has established the "Florida Disposition of Unclaimed Property Act."  FLA. STAT. § 717.001, *et seq.*  The existence of § 768.28 and the Unclaimed Property Act provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.  There is no indication that Florida's statutory schemes are inadequate.  Because Parratt, Daniels, and Hudson foreclose relief under § 1983 when a state provides adequate post-deprivation remedies to protect procedural due process rights, Plaintiff's claims concerning the deprivation of his property are not cognizable under § 1983.

Further, under the Parratt-Hudson doctrine, a random and unauthorized deprivation of property does not violate procedural due process if the state provides an adequate post-deprivation remedy.  Carcamo v. Miami-Dade County, (11th Cir. 2004).  Under the facts provided, it appears that the photograph may have been lost during the transfer of Plaintiff from one institution to another and back, but there is nothing in the facts to indicate that this was more than an one time deprivation of property.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 15) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this **_13th_**   day of January, 2009.


**_s/ A. KORNBLUM_**                        
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.